UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

COURTNEY ADAMS, individually
and on behalf of all others similarly
situated,
    Plaintiff,

vs.

SHUTTERFLY, LLC.,

    Defendant.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Shutterfly, LLC ("Defendant" or "Shutterfly"), hereby removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and styled as Case No. 2022-CA-001691 (the "State Court Action"), to the United States District Court for the Middle District of Florida, Orlando Division. In support of removal, Defendant states as follows:

**I.    BACKGROUND**

1.    On June 29, 2022, Plaintiff Courtney Adams ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative class action by filing a Class Action Complaint ("Complaint") against Defendant. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On August 2, 2022, Defendant was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4. The Complaint alleges that Defendant sent telephonic sales calls to Plaintiff and putative class members in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶1).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Defendant.

6. Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

II. **VENUE**

7. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Osceola County, Florida, the location where the State Court Action is pending.

#177443737_v1

### III.  JURISDICTION

8.  This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

####   A.  This Action Meets the "Class Action" Definition Under CAFA

9.  The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

10.  Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

11.  Plaintiff also asserts that she seeks to represent a class, defined as:

> **All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call**

3

> **Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.**

(Ex. A ¶ 19).

### B. The Putative Class Exceeds 100 Members

12. Defendant has submitted a declaration in support of its notice of removal that demonstrates that at least one hundred (100) persons in Florida[1] received text messages from Defendant regarding goods and/or services after July 1, 2021 (**Exhibit D**, Declaration of Nathan Quinn, ¶ 7).

13. Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[2]

### C. The Action Meets CAFA's Minimal Diversity Requirement

14. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one

---

[1] Under the FTSA, there is a rebuttable presumption that a telephonic sales call made to any area code in the state is made to a Florida resident or to a person in the state at the time of the call. *See* Fla. Stat. § 501.059(8)(d).

[2] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Defendant denies that this action ultimately will prove appropriate for class treatment.

plaintiff and one defendant are from different states).” *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

15. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D).

16. Plaintiff alleges that she is a citizen and resident of Osceola County, Florida. (Ex. A ¶¶ 10-11).

17. Shutterfly is a limited liability company with a principal place of business in California. Shutterfly, LLC has one member, Snapfish LLC, a California limited liability company with its principal place of business in California. Snapfish, LLC has one member, Photo Holdings LLC, a Delaware limited liability company with its principal place of business in California. Photo Holdings LLC, has one member, Sherwood Holdings II, LLC, a Delaware limited liability company with its principal place of business in California. Sherwood Holdings II, LLC, has one member, Sherwood Intermediate Holdings, LLC, a Delaware limited liability company with its principal place of business in California. Sherwood Intermediate Holdings, LLC has one member, Shutterfly Holdings, Inc., which is incorporated in Delaware and has its principal place of business in California. (*see* Declaration of Antonio Birbeck-Herrera, attached hereto as **Exhibit E, ¶¶**3-8).

#177443737_v1

18. Accordingly, all members of Shutterfly LLC are citizens of either California or Delaware. *See Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *see also* Ex. E, ¶¶ 3-7).

19. Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

### D. This Action Meets CAFA's Amount-in-Controversy Requirement

20. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

21. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely

irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

22. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

23. Nevertheless, Defendant has submitted a declaration in support of its notice of removal that demonstrates that the amount in controversy requirement is satisfied. *See* Ex. D; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.32`d 744, 755 (11th Cir. 2010) (to establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *Kolter City Plaza II, Inc.*, 608 F. 32' d at 756 (noting that "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy).

24. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

25. To that end, Plaintiff's Complaint seeks injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A, Prayer for Relief). The damages sought by Plaintiff for each alleged violation of the FTSA are set forth by the statute, which provides for "actual damages or $500, whichever is greater." Senate Bill No. 1120 (amending Fla. Stat. § 501.059 (10)(a). Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. *Id.* (amending Fla. Stat. § 501.059 (10)(b)). The statute of limitations for an FTSA claim is four years, but the FTSA only became effective on July 1, 2021, so only claims arising after that date are actionable. Fla. Stat. § 95.11(3)(f).

26. Business records available to Defendant reflect that since the FTSA became effective, at least 30,000 text messages were sent to persons in Florida and/or Florida residents regarding Defendant's goods and/or services using the same

equipment or type of equipment utilized to send text messages to Plaintiff. (*See* Ex. D, ¶¶ 6 .)

27. Since Plaintiff seeks to recover for each class member the maximum statutory damages of $500 for each call, the aggregated sum of alleged statutory damages alone substantially exceeds $5,000,000. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" her demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").[3]

IV. **NOTICE**

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

31. A copy of the civil cover sheet is attached hereto.

---

[3] Shutterfly fully disputes that plaintiff is entitled to any relief, whatsoever, in this action and states this position for removal purposes only.

V. **RESERVATION OF RIGHTS**

32. As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint, any and all rights to compel arbitration, and any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

33. No statement in this Notice of Removal should be construed as an admission the Complaint's allegations have merit or are sufficient to state a claim. Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

VI. **CONCLUSION**

WHEREFORE, defendant Shutterfly, LLC respectfully requests that this matter be removed to the United States District Court for the Middle District of Florida and that this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated: August 29, 2022              Respectfully submitted,

                                    HOLLAND & KNIGHT LLP
                                    701 Brickell Avenue, Suite 3300
                                    Miami, Florida 33131
                                    Telephone: (305) 374-8500
                                    Facsimile: (305) 789-7799

By:   *s/ Brandon T. White*
    Brandon T. White, Esq.
    Florida Bar No. 106792
    brandon.white@hklaw.com

***Attorneys for Shutterfly, LLC***